William C. Hecht, Jr., J.
The damage parcels involved herein were owned by Mrs. Kilpatrick. She leased them to Rotor Corporation which in turn leased them to Burke Oldsmobile, Inc.
This court made no allowance to Burke for certain improvements which were structural in nature. However, an award of $90,577 was made to Burke for items compensable to it because they were found to be trade fixtures used in the conduct of its business and not structural improvements which became so attached to the freehold as to become the property of the fee owner.
Burke moved for partial payment of this award. I denied such motion without prejudice because Rotor, which had not appeared in the condemnation proceedings, had filed an adverse claim with the Comptroller. Since Rotor was held not to be bound by a proceeding in which it did not appear, Burke was relegated to a plenary suit.
Burke now makes this motion for a reconsideration on the basis of newly discovered evidence. Such evidence consists of the concession in the hearing on these parcels that Mrs. Kilpatrick, the fee owner, also owned all of the stock of Rotor which she used as a management corporation. The main lease from her to Rotor was an intra-family transaction. On the basis of this contention, the court had disregarded that lease as a measure of the value of the fee, but considered only the sublease from Rotor to Burke.
Mrs. Kilpatrick participated through her counsel (the same counsel represents Rotor) in the condemnation proceeding and actively litigated against Burke’s instant claim for the trade fixtures. She is therefore bound by the determination that such *701 award belongs to Burke. Rotor, as her alter ego, is likewise bound.
As was said by Lehman, J. in Shelton Holding Corp. v. 150 E. 48th St. Corp. (264 N. Y. 339, 344) in holding that the contractor was bound by the acceptance of its alter ego, the lessee: ‘ ‘ The lessee having arranged for mortgages sufficient in amount to pay the contemplated cost of the erection of the apartment hotel, made a contract with the defendant Lane Ogle, Inc., for the construction of the building * * *. It was conceded at the trial ‘ that Mr. Lane Ogle is the principal, if not the entire stockholder, of both Lane Ogle, Inc., and 150 East 48th Street Corporation, ’ the lessee, and he was president of both. He had a right to do business in corporate form. He. might, if he chose, organize and direct two or more corporations as business instrumentalities. These corporations then must be regarded as separate legal entities, but the fact that a single mind and a single will direct the activities of these separate entities carries with it the consequences which naturally flow therefrom. The same knowledge and the same intent must be ascribed to all.”
The second objection to Burke’s motion, that the city may offset against the award its claim based on a tax warrant, is disposed of by Burke’s concession that this warrant is a valid lien on its award.
The motion for reconsideration is granted. Upon such reconsideration, the City Comptroller is directed to pay to Burke the $40,864.53 on deposit with him to the credit of the fixture award heretofore allowed to Burke, subject to the lien of the City of New York and any other valid liens existing as against such award but not subject to any claim by Rotor.